



**THE LAW OFFICES OF**
**TEDD S. LEVINE, LLC**
LAWOFFICESOFTEDDSLEVINE@GMAIL.COM

TEDD S. LEVINE
ADMITTED IN, NY, NJ, CT

MAIN OFFICE
HAUPPAUGE CENTER
150 MOTOR PARKWAY, SUITE 401
HAUPPAUGE, NY 11788
TELEPHONE 516-294-6852
FACSIMILE 516-294-4860

31 DOCK ROAD
REMSENBURG, NY 11960

December 9, 2019

Magistrate Judge Barbara Moses
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

**MEMO ENDORSED**

Re: *Grant v. Witherspoon, et al.*, United States District Court, Southern District of New York
    Index No.: 1:19-cv-02460-PGG-BCM
    **LETTER-MOTION TO REQUEST A PRE-MOTION DISCOVERY CONFERENCE**

Dear Judge Moses:

    This office represents defendants in this matter. This letter-motion is being filed pursuant to Your Honor's Individual Practice Rules "2.b." to request a pre-motion discovery conference as required by Local Civil Rule 37.2. Counsel for the parties, namely Tedd S. Levine, Esq. for defendants and Lauren Valli, Esq. for Plaintiff, held a meet and confer by telephone on December 9, 2019, at 10:30 a.m., for approximately ten (10) minutes in an attempt to work out an open discovery issue concerning plaintiff's production of documents. The subject of the dispute is that while plaintiff did Bates-stamp his documents, he is refusing to specifically identify which documents are responsive to each request. Plaintiff's counsel indicated during our conference that plaintiff was not required to identify which documents correspond to each request because Your Honor did not expressly order such a process and, nonetheless, the verification plaintiff provided indicating that he substantially complied with the demands satisfies that requirement. We do not accept Ms. Valli's understanding of the Court's decision, the effect of the verification, and her view of established practice regarding such matters. Thus, we are again regrettably compelled to ask for the Court's guidance.

    On October 23, 2019, Your Honor ruled as follows:

DISCOVERY ORDER: For the reasons stated on the record at the conference held on October 22, 2019, it is hereby ORDERED as follows: 1. Plaintiff's Responses and Objections to Defendants' Revised Set of Document Demands (Dkt. No. 48-7). No later than November 21, 2019, plaintiff shall serve amended responses to the document requests listed below. In responding to the enumerated requests, plaintiff

> shall (i) construe the term "Relating To," as used in those requests, to have the meaning of the word "concerning," as defined by Local Civ. Rule 26.3(c)(7); as further set forth in this Order. The depositions of defendants shall take place in California. Each side shall bear its own attorneys' travel costs. All relief not expressly granted herein is denied. (Signed by Magistrate Judge Barbara C. Moses on 10/23/2019) (cf)

It is our understanding that the Court instructed plaintiff to properly respond to each of the listed requests that were deemed to be demands for factual information. To that end, the corresponding document(s) should be identified.

Although Plaintiff verified that he substantially complied with defendants' Revised Set of Document Demands (*see* Ex. D attached), we respectfully disagree. Pursuant to such demands "[t]he specific Document(s) that pertain to the answer to the Request shall be indicated" (*see* Ex. A, section III.3. attached). Plaintiff's responses, however, merely recite each request and separately provide in an indecipherable manner a plethora of documents (*see* Exs. B and C attached). Thus, there is no indication which document(s) are responsive to which request. This answer leaves defendants in a position of being forced to guess which document(s) plaintiff believes prove each of the alleged facts at issue. Fed. R. Civ. P. 34 provides as follows:

> (E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request …

With regard to documents produced in accordance with Rule 34(b)(2)(E)(i), where a producing party elects to produce such documents as they are kept in the usual course of business, a party "must do more than merely represent to the court that the party complied with Rule 34(b)(2)(E)(i)." Distefano v. Law Offices of Barbara H. Katsos, PC, No. CV 11-2893, 2013 WL 1339536, at *5 (E.D.N.Y. Mar. 29, 2013). Instead, courts generally require the party to explain how its documents are organized in the ordinary course of business and what steps the party took to search and produce the documents. *Id.*; *see, e.g.,* Century Jets Aviation LLC v. Alchemist Jet Air LLC, No. 08–CV–9892, 2011 WL 724734, at *3–4 (S.D.N.Y. Feb. 8, 2011).

Finally, it is noteworthy that courts "routinely 'require responding parties to provide documents in some kind of organized, indexed fashion rather than as a mass of undifferentiated, unlabeled documents.' " Rahman v. The Smith & Wollensky Rest. Grp., Inc., No. 06 CV 6198, 2009 WL 773344, at *4 (S.D.N.Y. Mar. 18, 2009). Accordingly, where documents produced "were not organized and labeled to correspond to the categories specified in" the document requests in response to which the documents were produced, courts have directed the producing party to re-produce the documents, Bates-stamped, with an "itemized list which sets forth, by [B]ates-number, the documents responsive to each of the requests." Ng v. HSBC Mortg. Corp., No. 07 CV 5434, 2009 WL 205048, at *3 (E.D.N.Y. Jan. 27, 2009); *see also* Mee Jin-Jo v. JPMC Specialty Mortg. LLC, No. 08 CV 230, 2011 WL 1198133, at *2 (W.D.N.Y. Mar. 29, 2011) (instructing a party to

produce documents responsive to documents requests and to "specifically identify which documents are responsive to each of these requests"). *See* Excellent Home Care Servs., LLC v. FGA, Inc., No. 13CV5390ILGCLP, 2017 WL 9732082, at *4 (E.D.N.Y. June 5, 2017)

For the reasons stated, defendants respectfully ask that the Court direct plaintiff to specifically identify which documents are responsive to each request.

As a side matter, I wish to advise the Court for purposes of scheduling that I will be out of the office on vacation from December 12, 2019 thru December 17, 2019 and have depositions scheduled in this matter on December 20, 2019 when I return.

Thank you for your thoughtful consideration into this matter.

Respectfully Submitted,

THE LAW FIRM OF TEDD S. LEVINE, LLC


By:  /s/*Tedd S. Levine*
       Tedd S. Levine, Esq.

cc: Lauren Valli, Esq
    David Lin, Esq.

TSL/tl

> Application DENIED. Ordinarily, a party may produce documents "as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added). Defendants' attempt to instruct plaintiff to cross-reference his document production to each of their requests (*see* Defs' First Req. for Prod. (Rev.), § III(3)) is ineffective in the absence of a court order requiring such an exercise. Here, the Court declines to issue the requested order. Due to the number of document requests served by defendants (originally 149, not counting subparts) and the overlapping nature of many of the requests, the burden on plaintiff would be substantial. On the other side of the ledger, the Court is not persuaded plaintiff's unlabeled production, which totals only 422 pages, imposes an undue analytical burden on defendants. The parties are reminded that if they have withheld documents on privilege grounds, they are required to serve written privilege logs in accordance with Local Civil Rule 26.2.
> SO ORDERED.
> 
> _[signature]_
> _____
> Barbara Moses, U.S.M.J.
> December 13, 2019