USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD GRANT,

    Plaintiff,

-against-

ANGELA ROBINSON WITHERSPOON, et al.,

    Defendants.

19-CV-2460 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff's letter-motion dated December 20, 2019 (Dkt. No. 81), seeking a certification from defendants as to the provenance of various documents produced by them in discovery, will be denied for the reasons set forth below.

## Background

In accordance with paragraph 4 of my Discovery Order dated October 23, 2019 (Dkt. No. 51), defendants Angela Robinson Witherspoon (Ms. Witherspoon), her late husband John Witherspoon (Mr. Witherspoon), and Mr. Witherspoon's production company T Boyds Boy Productions Inc. (T Boyds) served amended responses to plaintiff's document requests in which defendants "informed Plaintiff which defendants produced which documents." Pl. Ltr. at 1. However, plaintiff is skeptical of defendants' assertion that all of the responsive documents were produced by Ms. Witherspoon or by T Boyds, rather than personally by Mr. Witherspoon, who served as T Boyds's Chief Financial Officer and was "alive at the time when some of the at-issue documents were produced." *Id.*[1] Defendants' counsel explained, during the parties' meet-and-confer, that Mr. Witherspoon was "CFO in name only," and that Ms. Witherspoon was, in reality, responsible for the financial operations of the business. Pl. Ltr. at 2. Unsatisfied by this

---

[1] Mr. Witherspoon, a well-know actor and comedian, died on October 29, 2019. *See* Neil Genzlinger and Derick Bryson Taylor, *John Witherspoon, Actor in 'Friday' and Other Movies, Dies at 77*, N.Y. Times (Oct. 30, 2019), https://www.nytimes.com/2019/10/30/movies/john-witherspoon-dead.html.

explanation, plaintiff now asks this Court to "order the defendants to certify what documents were provided by which defendants and furthermore, that Defendant John Witherspoon did not have any responsive documents in his possession, custody, or control." *Id.*

Defendants' entire document production consists of "approximately 500 pages." Pl. Ltr. dated Dec. 13, 2019 (Dkt. No. 78) at 1.[2]

## Analysis

In evaluating any discovery dispute, the Court must determine whether the information sought is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Where, as here, a party seeks "discovery on discovery," that party "must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*.'" *Winfield v. City of New York*, 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018) (quoting *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016)); *see also Freedman v. Weatherford Int'l Ltd.*, 2014 WL 3767034, at *2-3 (S.D.N.Y. July 25, 2014) (noting that "[t]here are circumstances where such collateral discovery is warranted" but denying plaintiffs' request to compel defendants to produce reports concerning the results of their electronic document searches because plaintiffs "have not proffered an adequate factual basis for their belief that the current production is deficient"), *adhered to on reconsideration,* 2014 WL 4547039 (S.D.N.Y. Sept. 12, 2014).

Here, as in *Freedman*, plaintiff has not proffered an adequate factual basis for what appears to be the suspicion underlying his letter-motion: that in addition to the documents produced by Ms. Witherspoon and T Boyds, there must have been some responsive documents,

---

[2] The other issues raised in plaintiff's December 13 letter-motion (which I denied without prejudice to renewal in accordance with the relevant local rules) did not reappear in his December 20 letter-motion. I therefore presume that they have been resolved.

not yet produced, in the possession, custody, or control of the late Mr. Witherspoon. Given the close relationship among the two individual defendants and the close corporation owned by one of them, defendants' account is not inherently implausible. Moreover, plaintiff does not identify any documents (or categories of documents) that he expected to receive in discovery but has not. The Court further notes that defendants have already stated in writing, through their counsel, that "[p]rior to his death, Defendant John Witherspoon had no Documents in his possession or under his control responsive to any requests" (Dkt. No. 81-2, at ECF page 5), and that all of the documents they did produce were "provided solely by Defendant Angela Robinson Witherspoon," except for those (identified by Bates number) "provided by both Defendant Angela Robinson Witherspoon and Defendant T Boyds Boy Productions, Inc." (Dkt. No. 81-3, at ECF page 4.) It is not clear to this Court what additional clarity or certainty would be provided by ordering defendants to "certify" the same facts.

## Conclusion

The letter-motion at Dkt. No. 81 is DENIED. The parties are reminded that initial expert reports are due on January 6, 2020. (Dkt. No. 66.)

Dated: New York, New York
December 23, 2019  **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**