USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/3/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD GRANT,

    Plaintiff,

-against-

ANGELA ROBINSON WITHERSPOON, et al.,

    Defendants.

19-CV-2460 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court is plaintiff's motion dated December 10, 2019 (Dkt. No. 70), in which he seeks to substitute nonparties Alexander Witherspoon and John David Witherspoon as defendants in place of their late father John Witherspoon. For the reasons set forth below, plaintiff's motion will be denied, without prejudice, for lack of proper service under Fed. R. Civ. P. 25(a)(3).[1]

## Background

Plaintiff Ronald Grant is the author of and owner of two copyrights in an autobiographical play. Compl. (Dkt. No. 1) ¶ 14. In 2015, he entered into an oral agreement with defendant Angela Robinson Witherspoon to make a short film based on the play's script. *Id.* ¶¶ 16-17. According to plaintiff, Ms. Witherspoon agreed "that Mr. Grant would retain editorial control over any resulting film," that she "would not screen any resulting film unless and until she received Mr. Grant's final approval," and that he "would have ownership of the film masters for the purposes of his review, comment, approval, and personal use." *Id.* ¶ 19.

---

[1] A motion to substitute parties is a nondispositive pretrial matter within the scope of my authority under 28 U.S.C. § 636(b)(1)(A). *Boldrini v. Fed. Nat'l Mortg. Ass'n*, 2019 WL 5549645, at *1 n.1 (M.D. Pa. Oct. 24, 2019); *Stevenson v. Ocwen Loan Servicing, LLC*, 2015 WL 2083513, at *2 (E.D. Mich. May 5, 2015); *Eastman Chem. Co. v. Alphapet Inc.*, 2011 WL 13054223, at *1 n.1 (D. Del. Dec. 9, 2011).

Plaintiff alleges that after shooting the film (in which plaintiff starred) Ms. Witherspoon "cut Mr. Grant out of the editing process," "hired her own editor," and then, in partnership with her husband John Witherspoon (sometimes known as John Weatherspoon) and his production company T Boyds Boy Productions (T Boyds), "began entering a version of the film (under the title *Curtsy, Mister*) into numerous film festivals, all without Mr. Grant's approval and against his express wishes." Compl. ¶ 2.

Plaintiff filed this action on March 19, 2019, naming as defendants Ms. Witherspoon, Mr. Witherspoon, and T Boyds. He asserts claims of copyright infringement, breach of contract, violation of his right of publicity under New York and California law, intentional infliction of emotional distress, and conversion. Compl. ¶¶ 45-85.

On or about October 29, 2019, defendant John Witherspoon died intestate in California, where he resided. Abrams Decl. (Dkt. No. 83-1) ¶ 3; *see also* Neil Genzlinger and Derick Bryson Taylor, *John Witherspoon, Actor in 'Friday' and Other Movies, Dies at 77*, N.Y. Times (Oct. 30, 2019), https://www.nytimes.com/2019/10/30/movies/john-witherspoon-dead.html.

On November 5, 2019, plaintiff filed a "Suggestion of Death" alerting the Court that Mr. Witherspoon had died. (Dkt. No. 54.) Plaintiff's Suggestion of Death did not identify any representative who could be substituted for Mr. Witherspoon. Nor, insofar as the record discloses, was the document served on any such representative, or on any nonparty.

On November 14, 2019, plaintiff filed a letter addressed to the Hon. Paul G. Gardephe, United States District Judge, stating that he "expect[ed] to file a motion to substitute the Estate of John Witherspoon in for Defendant Witherspoon." (Dkt. No. 57.) The next day, counsel for Ms. Witherspoon and T Boyds filed a letter opposing plaintiff's anticipated motion to substitute, largely on the basis that plaintiff's claims against Mr. Witherspoon lacked merit. (Dkt. No. 58.)

On November 26, 2019, Judge Gardephe held a conference "to discuss Defendants' basis for opposing Plaintiff's proposed motion to substitute – for Defendant John Witherspoon – the estate of John Witherspoon, given that John Witherspoon has died." (Dkt. No. 60.) On the same day, Judge Gardephe referred the case to me for general pre-trial management. (Dkt. No. 64.)

On December 10, 2019, plaintiff filed his motion to substitute pursuant to Fed. Civ. P. 25(a). Reporting that Mr. Witherspoon died intestate, and that no probate proceedings have commenced in California, plaintiff does not name, or seek to substitute in, any administrator or other representative of Mr. Witherspoon's estate. Pl. Mem. (Dkt. No. 72) at 2-3. Instead, he seeks to substitute in Mr. Witherspoon's sons, Alexander Witherspoon and John David Witherspoon. *Id.* According to plaintiff, each of them – along with Ms. Witherspoon, as the decedent's surviving spouse – will ultimately inherit one third of Mr. Witherspoon's separate property under California law. *Id*. at 3. Therefore, plaintiff asserts, the sons are (or will be) "beneficiar[ies] of the decedent's estate," *id*. at 2 (quoting *Smith v. Specialized Loan Servicing, LLC*, 2017 WL 4050344, at *3 (S.D. Cal. Sept. 13, 2017)), and as such are "proper parties to substitute in the instant action." *Id.* at 2, 3.

On December 23, 2019, defendants opposed plaintiff's motion, arguing (1) that a distributee of an estate is a "proper party" under Rule 25(a) only "if the estate of the deceased has been distributed at the time the motion for substitution has been made"; (2) that plaintiff "failed to serve John Witherspoon's successors or representatives" with the Suggestion of Death or the motion to substitute; and (3) that "to the extent John Witherspoon's sons are permitted to be substituted in as defendants," each should be named only in his capacity "as 'a Distributee of the Estate of John Witherspoon.'" Def. Mem. (Dkt. No. 83) at 1-5. Defendants also submitted the declaration of William L. Abrams, an attorney retained "to prepare a petition to administer the

3

Estate of John Weatherspoon." Abrams Decl. ¶ 2. Attorney Abrams attests that his firm "is preparing a probate petition for the Estate which will be filed in Los Angeles County Superior Court," and that "[u]pon being appointed as administrator of the Estate, Angela Weatherspoon will be obligated to complete and deliver California Form DE-157 – Notice to Creditors – notifying potential creditors that she has begun the administration of the Estate." *Id.* ¶¶ 4, 7.

On December 30, 2019, plaintiff filed a reply brief, conceding that he did not serve either his Suggestion of Death or his motion to substitute on Alexander Witherspoon and John David Witherspoon, but arguing that he "should not be deprived of the opportunity to name a party for substitution" merely "because the Estate of Defendant John Witherspoon has failed to file a petition for probate." Pl. Reply. Mem. (Dk. No. 86) at 2-3.

## **Analysis**

Rule 25(a), which governs the substitution of parties in federal court after a death, provides in relevant part:

> **Substitution if the Claim Is Not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days *after service* of a statement noting the death, the action by or against the decedent must be dismissed. . . .
>
> **Service.** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 *and on nonparties as provided in Rule 4*. A *statement noting death must be served in the same manner*. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(1), (3) (emphases added).

Because plaintiff failed to serve his motion to substitute on the nonparties he wishes to substitute in for John Witherspoon, as required by Fed. R. Civ. P. 25(a)(3), his motion must be denied without prejudice. *See*, *e.g.*, *Crichlow v. Fischer*, 2015 WL 678725, at *5 (S.D.N.Y. Feb.

4

17, 2015) (denying motion to substitute "without prejudice to refiling at a later date, for failure to follow the procedure set forth in Rule 25 and Rule 4," and collecting cases).

Rule 25(a)(1) requires that a substitution motion be filed within 90 days after service (on the parties and relevant nonparties) of a valid "statement noting the death." In order to trigger the 90-day period, the statement must note the decedent's death, identify the successor(s) or representative(s) who may be substituted in for the decedent, and be served upon any such successor or representative in accordance with Fed. R. Civ. P. 4. *See* 7C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1955 (3d ed. 2019) ("The statement noting the death must be in writing and identify the representative to be substituted, and it must be served on the parties in accordance with the procedures of Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons."); *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993) (quoting *Gronowicz v. Leonard,* 109 F.R.D. 624, 627 (S.D.N.Y.1986)) ("The suggestion of death is invalid unless it 'identif[ies] the representative or successor who may be substituted as a party.'"); *Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y. 1993) ("[F]or a suggestion of death to be valid and invoke the 90 day limit, it must identify the successor or representative who may be substituted for the decedent."). However, the filing and service of a valid suggestion of death is not a precondition to the filing of a substitution motion. *See Hardy*, 842 F. Supp. at 716 ("Nonetheless, a motion to substitute can be made before a valid suggestion of death has been made.").

In this case, because the Suggestion of Death filed by plaintiff did not identify any successor or representative, and was not served as required by Rule 25(a)(1) and (3), it did not trigger the running of the 90-day period. *See Crichlow*, 2015 WL 678725, at *5 ("Plaintiff has not identified the estate representative who would step into the shoes of Senior Counselor

William if substituted, and no statement of death has yet been served or filed in this case. Thus, Plaintiff's time to properly file a motion for substitution has not yet run."). As of the date of this Order, therefore, plaintiff has no fixed deadline for refiling his substitution motion.

Because the present motion must be denied for lack of proper service on the nonparties that it names as successors, the Court does not reach the question whether those nonparties – the potential future distributees of a presently undistributed estate – are appropriate candidates for substitution. *See* Def. Mem. at 1-3. The Court observes, however, that courts have "generally held that a 'proper party' must be (1) a representative lawfully designated by state authority to represent the decedent's estate, (2) the *primary* beneficiary of an *already distributed* estate, (3) the person named in a will as the executor of the decedent's estate, even if the will is not probated, or (4) the *primary* beneficiary of an unprobated intestate estate which need not be probated." *Bruccoleri v. Gangemi*, 2019 WL 499769, at *7 (E.D.N.Y. Feb. 8, 2019) (emphases added; internal citations and quotation and editorial marks omitted); *see also McNeal v. Evert*, 2015 WL 1680496, at *2 n.3 (E.D. Cal. Apr. 14, 2015) ("Courts have held that executors, administrators or *distributees of distributed estates* are proper parties for substitution of a deceased party.") (emphasis added). If, as attorney Abrams suggests, Ms. Witherspoon will be appointed administrator of John Witherspoon's estate, it may be more efficient for plaintiff to seek to substitute her in (either by motion or stipulation), in that capacity, once she is appointed.

**<u>Conclusion</u>**

Plaintiff's motion for substitution (Dkt. No. 70) is DENIED without prejudice to renewal or refiling in accordance with Rule 25(a).

Dated: New York, New York
January 3, 2020

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**